# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**BETHEL BRIGHT,**

              **Plaintiff,**

**-vs-**                                                **Case No.  2:07-cv-196-FtM-29DNF**

**NASER KAMKAR, M.D., P.A., and**
**NASER KAMKAR,**

              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      The parties filed a Joint Stipulation for Dismissal With Prejudice (Doc. 34), a Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice of All Claims (Doc. 33), and a Joint Response to Court's Order Requiring Additional Information to Approve FLSA Settlement (Doc. 37). The Plaintiff, Bethel Bright and the Defendants, Naser Kamkar, M.D., P.A., and Naser Kamkar are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to

recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant as a manager/receptionist. (See, Doc. 17). The Plaintiff was represented by counsel throughout this litigation. The Plaintiff claims that she was owed overtime wages for approximately 9 hours per week for 134 weeks at an hourly overtime rate of $18.00. She calculated that she was owed approximately $21,708.00 in overtime and back wages. The parties have agreed to settle the FLSA claim for $6,000.00, which includes all attorney's fees and costs. The Plaintiff will receive $2,500.00. The attorney for the Plaintiff expended 19 hours on this case and his hourly rate is between $350.00 and $375.00 per hour. He took this case on a contingent fee basis,

and will receive $2190.00 in fees and $1,310.00 for costs.[1]  The Court finds that this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the District Court grant the parties' Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice of All Claims (Doc. 33) and grant the parties' Joint Stipulation for Dismissal with Prejudice (Doc. 34).  Further, it is respectfully recommended that the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   27th   day of November, 2007.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] An in-depth analysis of an attorney fee request is not necessary in FLSA cases unless it is unreasonable on the face of the documents.  *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. 2007) (quoting *Perez v. Nationwide Protective Servs.,* Case No. 6:05-cv-328-Orl-22JGG (Oct. 31, 2005)). In the instant case, the attorney fee request is not unreasonable on its face.